IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DALE R. RICHMOND,

    Petitioner

    v.

WARDEN DAVID EBBERT,

    Respondent

CIVIL NO. 3:CV-13-3095

(Judge Conaboy)

FILED
SCRANTON

JAN 23 2014

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Dale Richmond, an inmate presently confined at the Canaan Federal Prison Camp, Waymart, Pennsylvania (FPC-Canaan).[1] The required filing fee has been paid. Named as Respondent is FPC-Canaan Warden J.E. Thomas.[2]

Richmond's pending action does not challenge the legality of his underlying federal criminal conviction and sentence. Rather, Petitioner claims entitlement to federal habeas corpus relief on the basis that the Federal Bureau of Prisons (BOP) has improperly denied him either compassionate release or home

---

[1] Petitioner indicates that as an alternative he is seeking mandamus relief. See Doc. 1, p. 2.

[2] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242.

1

confinement under the BOP's Residential Reentry Center program ("RRC"). See Doc. 1, p. 1.

Richmond is presently serving a sentence of one (1) year and a day which was imposed on August 21, 2013 by the United States District Court for the Western District of New York. It is undisputed that Petitioner's wife suffers from a serious medical condition and that said condition was taken into consideration by the district court at the time of sentencing.

Petitioner states that he self surrendered to the BOP on September 19, 2013. During his intake medical examination, it was discovered that Richmond had a large lesion near his left shoulder. On October 24, 2013, Petitioner submitted an initial written request for compassionate release to Warden Ebbert. This request was primarily based upon his wife's medical condition. Following an October 26, 2013 biopsy, Richmond was diagnosed as having Basil Cell Carcinoma. Richmond's initial request for compassionate release was denied on November 4, 2013.

Petitioner submitted a second request for compassionate release on November 14, 2013 which included updated information regarding his own personal medical condition (i.e., the biopsy results). Richmond's second request was denied on December 2, 2013 by Warden Ebbert. See Doc. 1, p. 14. This petition

seeking federal habeas corpus relief was thereafter filed.[3]

Petitioner asserts that because of his recent diagnosis, the fact that he has not yet been seen by an oncologist, and the serious medical problems being experienced by his wife he is entitled to either compassionate release or home confinement under the Second Chance Act.[4]  Richmond asserts that the Warden erred because the denial of his request for such relief was based upon an erroneous belief that compassionate relief could only be granted if the applicant was terminally ill and the Warden's punitive opinion that compassionate release would minimize the severity of Petitioner's criminal offense.

## Discussion

### Habeas Corpus

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475

---

[3]  Richmond asserts that he did not pursue further administrative relief because it would have been futile to do so. See Doc. 1, p. 2.

[4]  The Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law on April 9, 2008.

(1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert. denied</u>, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

It is initially noted that Petitioner's allegation that there has been a delay in his being evaluated by an oncologist is a claim which sounds in civil rights and is not a basis for federal habeas corpus relief. Second, Richmond clearly acknowledges that he has failed to pursue his available administrative remedies with respect o his pending claims.[5]

It is also noted that documents submitted by Petitioner establish that prison officials have requested that Richmond be granted 90-120 days of halfway house placement with respect to his one year sentence and a review for home confinement. See Doc. 1, p. 11. Accordingly, Richmond's claim of being denied favorable consideration for halfway house placement lacks merit.

18 U.S.C. § 3582(c)(1) provides that upon motion of the BOP Director with the sentencing court and a showing of extraordinary and compelling reasons, a federal prisoner may be

---

[5] The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. <u>See</u> 28 C.F.R. §§ 542.10-542.19.

4

granted compassionate release. The pending habeas corpus action filed by Richmond, at best, would result in the filing of a motion with the sentencing court by the BOP. Such a result would not necessarily impact the duration of Petitioner's confinement. See Quaco v. Ebbert, 2012 WL 1598136 *2 (M.D. Pa. May 7, 2012)(Rambo, J.).

Furthermore it is well settled that a district court lacks the authority to review or reverse a decision by the BOP not to seek compassionate release. See id.; Crowe v. United States, 430 Fed. Appx. 484, 485 (6th Cir. 2011)("the BOP's decision whether or not to file a motion for compassionate release is judicially unreviewable."). Accordingly the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

**Mandamus**

The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361. It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Mandamus relief is a drastic measure which is only granted in extraordinary situations and where the petitioner has satisfied his burden of establishing a clear and indisputable right to relief. Stehney v. Perry, 101 F.3d 925, 934 (3d Cir.

1996) (quoting <u>Allied Chem. Corp v. Daiflon, Inc.</u>, 449 U.S. 33, 34-35 (1980)); <u>see</u> <u>also</u> <u>Doyle v. Young</u>, 2010 WL 2178514 *1 (3d Cir. June 1, 2010); <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 403 (1976). It was also noted that relief is only available if the applicant has exhausted all other avenues of relief, is owed a "clear nondiscretionary duty," and has no other adequate means to attain the relief he desires. <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984).

By his own admission, Petitioner has available administrative remedies which he did not pursue. Second since the granting of compassionate release is discretionary, Richmond has not established a clear and indisputable right to relief. Accordingly, Petitioner's incorporated request for mandamus relief will also be denied. An appropriate Order will enter.[6]

_____
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 23rd, 2014

---

[6] The dismissal of this habeas petition does not preclude Richmond from pursuing a claim of deliberate indifference to a serious medical need claim via a properly filed civil rights complaint, if he so chooses.

6